UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-198-GWU

DOROTHY JEAN HODSON,                                          PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                             DEFENDANT.

**INTRODUCTION**

Dorothy Hodson brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income.  The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity?  If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.   Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

08-198  Dorothy Jean Hodson

Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

08-198  Dorothy Jean Hodson

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

08-198  Dorothy Jean Hodson

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

08-198  Dorothy Jean Hodson

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

08-198  Dorothy Jean Hodson

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Hodson, a 45-year-old former cashier, housekeeper, and cook with a high school education, suffered from impairments related to discogenic and degenerative disorders of the back, diabetes, hypertension, and depression.  (Tr. 14, 19).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 17, 19).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 20-21).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of Social Security

08-198  Dorothy Jean Hodson

benefits.  Therefore, the court must grant the plaintiff's summary judgment motion to the extent that it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question presented to Vocational Expert Anne Thomas included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to ever climb ropes, ladders or scaffolds; (2) an inability to more than occasionally climb ramps or stairs, kneel, crouch, stoop, or crawl; (3) the need for a sit/stand option in 45 minute intervals; (4) a need to avoid exposure to vibrations, hazardous machinery, and dust, fumes, smoke, or chemicals; (5) a "limited but satisfactory" ability to deal with work rules, co-workers and supervisors; (6) a "seriously limited but not precluded" ability in dealing with the public, using judgment and dealing with stress; and (7) a limitation to low stress, simple jobs requiring only one- to two-step instructions.  (Tr. 348).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 348-349).  The ALJ relied upon this testimony to support the denial decision.

The hypothetical question did not fairly characterize Hodson's physical condition.  In formulating Hodson's residual functional capacity assessment, the ALJ purported to rely upon the opinions of Dr. Robert Brown and Dr. John Rawlings, the non-examining medical reviewers.  (Tr. 19).  The physical factors of the hypothetical

8

question tracked the restrictions indicated by the reviewers fairly closely.  (Tr. 198-206, 306-314).  However, each reviewer indicated that Hodson would be limited to no more than occasional balancing.  (Tr. 200, 308).  This restriction was omitted from the hypothetical question by the ALJ.  Social Security Ruling 85-15 indicates that a limitation on balancing, when accompanied by other restrictions, needs to be considered by a vocational expert.  Since this did not happen in this action, the hypothetical question was not consistent with the opinion of the medical reviewers and, so, their opinions do not support the administrative decision.

Dr. Thomas Epperson, a treating source, was the only other physician of record to identify specific physical limitations.  Dr. Epperson indicated that Hodson would be limited to less than a full range of sedentary level work with extremely severe sitting, standing and walking restrictions which would preclude full-time employment. (Tr. 319).  Obviously, this opinion does not support the administrative decision.  The ALJ rejected this opinion as binding because he considered it to have been excessive in relation to the objective medical evidence.  (Tr. 19).  However, Dr. Epperson had access to an MRI scan showing disc protrusion which abutted the L5 nerve root as well as non-compressive disc protrusions at L3-L4, and a spondylotic disc protrusion contributing to moderate foraminal impingement at L5-S1.  (Tr. 325).  This MRI was not seen by either of the reviewers and appears to represent some deterioration in the plaintiff's condition from an earlier MRI scan

9

08-198  Dorothy Jean Hodson

which did not reveal nerve root abutment.  (Tr. 261).  Thus, at least some objective evidence supports the doctor's opinion.

An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for their differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  While the ALJ purported to rely upon the opinions of the non-examining medical reviewers in this case, neither reviewer saw a complete record since they did not see and have an opportunity to comment upon Dr. Epperson's restrictions which were submitted after they had seen the record.  Furthermore, Social Security Ruling 96-6p suggests that when the examiner is also a treating source, then the reviewer must see a complete record which includes the opinion of a specialist.   Thus, the ALJ would not appear to have sufficient grounds to rely upon the opinion of the reviewers over that of Dr. Epperson.

Hodson was found capable of performing the full range of light level work in an administrative decision which became final November 24, 2003.  (Tr. 49-56). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council

08-198  Dorothy Jean Hodson

on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  The ALJ indicated finding no relevant change in the plaintiff's condition during the time period pertinent to this appeal. (Tr. 17).  However, the ALJ then imposed a number of non-exertional restrictions which were clearly not found in the prior decision.  (Tr. 17).  Both Dr. Epperson and the medical reviewers identified a number of non-exertional limitations.  Their opinions support a finding of deterioration in the claimant's condition since the prior denial decision.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion to the extent that it seeks a remand of the action for further consideration and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 21st day of May, 2009.

Signed By:

*G. Wix Unthank*

United States Senior Judge